FOURTH DEPARTMENT, JUNE, 1970

(June 25, 1970)*

■ In the Matter of MARILYN GREY, Petitioner, v. JEFFERSON COUNTY COURT et al., Respondents.—

Present —
Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.

FIRST DEPARTMENT, OCTOBER, 1970

(October 1, 1970)

■ ANONYMOUS, Respondent, v. ANONYMOUS, Appellant.—

Concur — Eager, J. P., Capozzoli, Nunez and Steuer, JJ.
■ In the Matter of JOHN M. LAWRENCE, Petitioner, v. SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK, et al., Respondents —

Concur — Capozzoli, J. P., McGivern, Nunez, McNally and Tilzer, JJ.
■ MARGARET GARDNER, Respondent, v. FIRST NATIONAL CITY BANK, Defendant, and ADOLPH HOLTZER, Appellant.—

Concur — Stevens, P. J., Capozzoli, McGivern and Steuer, JJ.
■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD WASHINGTON, Appellant.—

* Not printed with other decisions of June 25, 1970, 34 A D 2d 1084. [Rep.

Concur — Stevens, P. J., Capozzoli, McGivern and Steuer, JJ.

■ FRANK SACCENTE, JR., et al., Respondents, v. LEE J. TOTERHI et al., Appellants.—

Concur — Capozzoli, J. P., Nunez and Tilzer, JJ.; Markewich and McNally, JJ., dissent in the following memorandum by McNally, J.: I would deny the discovery. The photographs of the plaintiff in question were taken by a representative of the defendants' insurance carrier a short time after the accident. Plaintiffs in tort actions are not entitled to obtain the product of investigations of accidents by automobile liability insurers in preparation for the handling of claims against their insureds. No special circumstances are alleged. There is no showing of prejudice. Plaintiff could have obtained photographs himself if he so desired and may testify as to his appearance and condition at any time after the occurrence as well as at the time the photographs were taken. (*Kandel* v. *Tocher*, 22 A D 2d 513.)

(October 6, 1970)

■ FAITH SUPERMARKETS-BABYLON, INC., et al., Respondents, v. TIMES SQUARE STORES CORPORATION, Appellant.—